Ms. Janet M. Welsh Executive Secretary Arkansas Board of Examiners in Psychology 101 E. Capitol, Suite 415 Little Rock, AR 72201
Dear Ms. Welsh:
You have requested an Attorney General opinion in response to the following question:
 Is there any statute, regulation, case law, or Attorney General opinion that provides legal coverage for the position that a mental health provider in Arkansas has a right to withhold information (safety-related) from the legal guardian of a minor?
RESPONSE
As an initial matter, I must note that it is not clear precisely what type of "safety-related" information you are referring to. In responding to your question, I will assume that you are referring to information that, if disclosed to the guardian, would endanger the patient.
Several sources of state law, discussed below, indicate that it is not only permissible, but usually required, for a mental health provider to withhold information from the legal guardian of a minor.
First, a confidential relationship between licensed psychologists and psychological examiners and their patients is created by A.C.A. §17-97-105, which states:
 For the purpose of this chapter, the confidential relations and communications between a licensed psychologist or a psychological examiner and a client are placed upon the same basis as those provided by law between an attorney and a client. Nothing in this chapter shall be construed to require any such privileged communication to be disclosed.
A.C.A. § 17-97-105.
Because this statute creates the confidential relationship by reference to the confidential relationship between lawyers and clients, it is necessary to examine the extent of confidentiality that is "provided by law between an attorney and a client" in order to determine the extent of the confidentiality relationship between mental health providers and their patients.
Attorney-client confidentiality arises primarily from two sets of rules: the Model Rules of Profession Conduct (governing the conduct of lawyers) and the Rules of Evidence.
Rule 1.6 of the Model Rules of Professional Conduct states:
 (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
 (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
(1) to prevent the client from committing a criminal act; or
 (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.
Rule 1.14 of the same code states:
 (a) When a client's ability to make adequately considered decisions in connection with the representation is impaired, whether because of minority, mental disability or for some other reason, the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client.
 (b) A lawyer may seek the appointment of a guardian or take other protective action with respect to a client, only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest.
The foregoing rules indicate that a lawyer's primary concern should be the interest of his client, and therefore usually should not divulge client information, even if the client is a minor. Under the provisions of A.C.A. § 17-95-105, this standard also applies to licensed psychologists and psychological examiners. (It should be noted, however, that these rules clearly contemplate situations in which confidentiality with a child-client cannot be strictly maintained.)
As noted above, A.C.A. § 17-97-105 also mandates reference to the Rules of Evidence for guidance in confidentiality issues. The Rules of Evidence not only address the confidentiality relationship between attorneys and their clients, see Rule 502, but they also specifically create a "psychotherapist-patient privilege." See Rule 503.
These two rules state, respectively (in pertinent part):
Rule 502. Lawyer-client privilege.
* * *
 (b) General Rule of Privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications [communications] made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.
A.R.E. Rule 502.
Rule 503. Physician and psychotherapist-patient privilege.
* * *
 (b) General Rule of Privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.
A.R.E. Rule 503.
The question of precisely who constitutes the "client" or the "patient" for purposes of the two rules quoted above is pertinent to the question you have raised. That is, should a parent be deemed the "client" or the "patient" if the parent has retained and is paying the lawyer or the mental health provider?
Rule 502 defines "client" as follows:
(a) Definitions. As used in this rule:
 (1) A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him.
A.R.E. Rule 502(a)(1).
Rule 503 defines "patient" as follows:
(a) Definitions. As used in this rule:
 (1) A "patient" is a person who consults or is examined or interviewed by a physician or psychotherapist.
A.R.E. Rule 503(a)(1).
In the lawyer-client situation, the general concensus is that normally (and there are exceptions to this general rule), even if the parent retained and is paying the lawyer, the client is the child, not the parent, and the lawyer's duty of confidentiality is owed primarily to the child. For a discussion of this issue and relevant authorities, see Moore, Conflicts of Interests in the Representation Of Children, 64 FDMLR 1819 (1996). This concensus is bolstered by the fact that Rule 1.8 of the Model Rules of Professional Conduct (governing the conduct of lawyers) provides that a lawyer should not accept compensation for representing a client from someone other than the client unless "there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship" and "information relating to representation of a client is protected as required by Rule 1.6."[1]
The Ethical Principles of Psychologists and Code of Conduct of the American Psychological Association (which are incorporated into the Board's rules and regulations, see Rules and Regulations of the Board of Examiners in Psychology, § 16) do not contain a similar provision concerning the situation in which the mental health provider has been retained for a child by a parent (and payment is being made by the parent). Nevertheless, it is my opinion that under the language of A.C.A. § 17-97-105, the presumptions concerning the child-client of a lawyer should apply equally to the child-patient of a licensed psychologist or psychological examiner.
In any event, the two foregoing rules of evidence clearly provide authority for the proposition that in a context in which the Rules of Evidence are applicable (i.e., court proceedings, see McCambridge v. Cityof Little Rock, 298 219, 766 S.W.2d 909 (1989)) a mental health provider cannot be compelled to divulge confidential client information. (The exceptions to this principle are set forth in § (d) of Rule 503.)[2]
Another source of authority upon which a mental health provider could rely in withholding client information is A.C.A. § 17-97-310. Under that statute, a licensed practitioner who is subject to the jurisdiction of the Board of Examiners in Psychology can be sanctioned by the Board in various ways under the following circumstances (among others):
 (6) Upon recommendation of the ethics committee of the Arkansas Psychological Association or of the American Psychological Association;
 (7) Negligence or wrongful actions in the performance of this or her duties;
 (8) A violation of any rule or regulation of this board or the rules of ethics as adopted by this board.
A.C.A. § 17-97-310(6)(7)(8).
The above-listed circumstances under which the Board can impose sanctions incorporate other relevant sources of professional duty that impact upon confidentiality. If the practitioner violates these professional duties (discussed below), the Board can impose sanctions.
The Board's rules and regulations incorporate the Ethical Principles of Psychologists and Code of Conduct of the American Psychological Association, as follows:
 The Board of Examiners in Psychology adopts the Ethical Principles of Psychologists and Code of Conduct of the American Psychological Association as part of these Rules and Regulations. The principles shall constitute one standard by which appropriate professional practices are determined.
Rules and Regulations, Arkansas Board of Examiners in Psychology, § 16.
Because the Board's rules and regulations incorporate the professional association's ethical principles and code of conduct, violation of those principles and code will constitute a violation of the Board's rules, which can give rise to sanctions by the Board. (Such violation could also prompt the professional associations to recommend sanctions by the Board, which is also a statutory basis for sanctions under A.C.A. §17-97-310(6).
The Ethical Principles of Psychologists and Code of Conduct of the American Psychological Association specifically address the issue of confidentiality. Several of the standards set forth in the code are pertinent to the question you have raised. Standard 5.02 states:
5.02 Maintaining Confidentiality.
 Psychologists have a primary obligation and take reasonable precautions to respect the confidentiality rights of those with whom they work or consult, recognizing that confidentiality may be established by law, institutional rules, or professional or scientific relationships.
Standard 5.03(b) states:
 (b) Psychologists discuss confidential information obtained in clinical or consulting relationships, or evaluative data concerning patients, individual or organizational clients, students, research participants, supervisees, and employees, only for appropriate scientific or professional purposes and only with persons clearly concerned with such matters.
Finally, Standard 5.05 states:
5.05 Disclosures.
 (a) Psychologists disclose confidential information without the consent of the individual only as mandated by law, or where permitted by law for a valid purpose, such as (1) to provide needed professional services to the patient or the individual or organizational client, (2) to obtain appropriate professional consultations, (3) to protect the patient or client or others from harm, or (4) to obtain payment for services, in which instance disclosure is limited to the minimum that is necessary to achieve the purpose.
 (b) Psychologists also may disclose confidential information with the appropriate consent of the patient or the individual or organizational client (or of another legally authorized person on behalf of the patient or client), unless prohibited by law.
Clearly, the professional organization of psychologists forbids the divulgence of confidential client information except in limited circumstances. Thus, this professional code of conduct, as well as the Board's rules and regulations, provide a legal basis upon which a mental health provider can rely in choosing to withhold client information from a minor client's parents or guardians.
Finally, I must note that because the above-discussed sources of law create a duty of confidentiality on the part of the mental health provider, a violation of that duty not only could result in sanctions by the Board under A.C.A. § 17-97-310(8), but could also give rise to liability in tort on various grounds (depending upon the facts of the case). This observation is particular pertinent in a situation in which divulgence of the client information by the mental health provider could pose a safety risk.
For all of the foregoing reasons, I conclude that mental health providers have ample legal authority upon which to rely in withholding information about a child-patient from the legal guardian of that child. I reiterate that the various applicable laws and rules clearly contemplate situations in which exceptions to this general principle must be made.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that this provision also requires consent of the client. Situations could undoubtedly arise in which it would be inappropriate to impose this requirement on a child-client. For a discussion of the complexity of the issues that can arise in connection with the representation of children, see Moore, Conflicts of Interests inthe Representation Of Children, 64 FDMLR 1819 (1996).
[2] I acknowledge that the provisions of A.C.A. § 16-46-106(b)(2)(B) appear to provide authority for compelling the disclosure of patient information in the context of a legal proceeding. It could be argued that this provision has been superseded by Rule 503 of the Arkansas Rules of Evidence. Even if it has not been superseded, it is my opinion that this provision does not address this scenario about which you have inquired. Rather it seems to be limited to situations in which the patient is attempting to obtain access to his own medical records. It does not seem to apply to situations in which a third party is attempting to obtain such access.